## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| DAMON B. WILSON<br><br>**PLAINTIFF**<br><br>vs<br><br>PRINCE GEORGES COUNTY<br>GOVERNMENT, et al<br><br>**DEFENDANTS** | CIVIL CASE NO.:  8:25-CV-01312-PX |

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED LIMITED DISCOVERY  AND
## REQUEST FOR A HEARING THEREON

**NOW COMES**, Plaintiff Damon Wilson ("Plaintiff"), by and through undersigned counsel, and respectfully moves this Honorable Court for an Order permitting expedited limited discovery to obtain the complete names and addresses of Defendant Officers Castro, Henderson, Rich, Barreto, and John Doe (collectively, "Defendant Officers"). In support thereof, Plaintiff states as follows:

### I.    INTRODUCTION

This civil rights action arises from a December 11, 2023 incident where Defendant Officers, employed by the Washington Metropolitan Area Transit Authority ("WMATA") Metro Transit Police Department, allegedly used excessive force against Plaintiff, a disabled individual with a valid Metro Access card, during what should have been a routine fare verification on a Metro Bus in Prince George's County, Maryland. The encounter resulted in Plaintiff suffering serious physical injuries requiring hospitalization and a recommendation for hip replacement surgery. While Plaintiff has identified some of the officers by their surnames through incident reports and subsequent criminal proceedings (which were dismissed on April 2, 2024), their

1

complete names and addresses remain unknown, preventing proper service of process despite counsel's extensive efforts to obtain this basic information through conventional means.

## II.    FACTUAL BACKGROUND

On December 11, 2023, Plaintiff Damon Wilson, a disabled individual, boarded a Metro Bus in Prince George's County, Maryland, using his valid Metro Smart Access Smart Trip Card. While seated on the bus, Plaintiff was confronted by Defendant Officer Castro, who was dressed in plain clothes without visible law enforcement insignia. Despite Plaintiff immediately presenting his valid Metro ID Card showing his name, ID number, and expiration date, Officer Castro demanded that Plaintiff exit the bus, threatening him with mace if he failed to comply.

As Plaintiff attempted to comply with the unlawful order and exit through the rear of the bus, Defendant Officer Henderson violently shoved him from behind, causing Plaintiff to strike his head against the bus's glass panel. Officer Henderson then pushed Plaintiff again, forcing him to the ground. Shortly thereafter, Defendants Sergeant Rich and Officer Barreto arrived at the scene but failed to intervene or provide assistance to the injured Plaintiff. Instead of addressing the officers' misconduct, they proceeded to charge Plaintiff with fare evasion, despite clear evidence of his valid fare card.

The incident resulted in Plaintiff being transported by ambulance to a nearby hospital, where he was diagnosed with injuries so severe that medical professionals recommended a hip replacement. The baseless criminal charges against Plaintiff were subsequently dismissed on April 2, 2024, by the District Court of Maryland for Prince George's County at the State's Attorney's Office's request.

## III.    EFFORTS TO IDENTIFY DEFENDANTS

As outlined in the Declaration of Kim Parker, Esquire, attached hereto, and incorporated herein, Plaintiff's counsel has undertaken extensive efforts to identify the Defendant Officers, including:

a)  Conducting comprehensive searches of public records databases and White Pages, attempting various combinations of the known surnames with geographic limiters focused on Prince George's County and surrounding areas;

b)  Performing exhaustive Google searches using multiple search parameters and combinations of the officers' surnames with relevant terms such as "WMATA," "Metro Transit Police," and "Prince George's County";

c)  Thoroughly searching the Maryland Judiciary Case Search system for both criminal and civil cases involving WMATA officers as parties or witnesses;

d)  Submitting a detailed Public Access to Records Request (PARP) to WMATA on November 27, 2024, seeking specific information about the officers involved in the December 11, 2023 incident.

e)  WMATA's response to the PARP request on December 19, 2024, was notably obstructionist, claiming insufficient detail in the request despite its comprehensive nature and imposing additional, unnecessary requirements for disclosure. This response effectively blocked access to basic identifying information about public servants involved in a serious incident.

## IV.    ARGUMENT

**a)  PLAINTIFF HAS DEMONSTRATED SUBSTANTIAL GOOD CAUSE FOR EXPEDITED LIMITED DISCOVERY TO IDENTIFY DEFENDANT OFFICERS WHO VIOLATED HIS CONSTITUTIONAL RIGHTS DURING A VIOLENT ENCOUNTER THAT RESULTED IN SERIOUS BODILY INJURY**

Limited expedited discovery is necessary and appropriate in this case to identify the Defendant Officers and allow Plaintiff to properly serve them with process. The Federal Rules of Civil Procedure expressly authorize this Court to order such discovery, and the circumstances of this case strongly warrant its exercise of that authority.

While parties typically must confer before engaging in discovery pursuant to Rule 26(f), the Federal Rules explicitly recognize the Court's authority to order expedited discovery before such conference. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order."). Courts in this district have consistently recognized that expedited discovery may be ordered when circumstances warrant. *L'Occitane, Inc. v. Trans Source Logistics, Inc*., No. CIVA WMN-09-CV-2499, 2009 WL 3746690, at *1 (D. Md. Nov. 2, 2009).

The standard for evaluating such requests is well-established: courts apply "a standard based upon reasonableness or good cause, taking into account the totality of the circumstances." L'Occitane, Inc., 2009 WL 3746690, at *2 (quoting *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528 (E.D.N.C. 2005)). Here, the totality of circumstances overwhelmingly supports granting the requested limited discovery.

First, Plaintiff has presented specific, detailed allegations of civil rights violations by the Defendant Officers. These allegations are supported by medical records documenting serious injuries, including the need for hip replacement surgery, and by the dismissal of retaliatory criminal charges against Plaintiff. The complaint identifies specific actions by each defendant that violated clearly established constitutional rights, demonstrating the legitimacy of Plaintiff's claims and the necessity of proceeding against these officers both in their individual and official capacities.

Second, despite diligent efforts, Plaintiff has been unable to obtain the officers' identifying information through conventional means. Counsel has exhaustively searched public records, databases, and court records. Most significantly, counsel submitted a detailed PARP request to WMATA on November 27, 2024, seeking this basic information. WMATA's response on December 19, 2024, was obstructionist, imposing artificial barriers to accessing public information about public servants involved in a serious incident. Without court intervention, Plaintiff has no other means of obtaining this essential information.

Third, the requested discovery is narrowly tailored, seeking only the basic identifying information necessary to effect service of process. **See Exhibit A.**

This limited scope imposes minimal burden on WMATA, requiring only the disclosure of readily available information from personnel records. Rule 34(b)(2)(A) explicitly recognizes the Court's authority to modify standard discovery timelines, providing that while parties typically have 30 days to respond to discovery requests, "a shorter or longer time may be ... ordered by the court."

Fourth, the requested information is exclusively within WMATA's possession and absolutely necessary for this litigation to proceed. Without the ability to identify and serve the Defendant Officers, Plaintiff will be effectively denied his day in court despite presenting serious allegations of civil rights violations. This would create an untenable situation where law enforcement officers could evade accountability for constitutional violations simply by withholding their identifying information.

The importance of allowing civil rights plaintiffs to identify law enforcement officers who allegedly violated their constitutional rights is well-established in federal jurisprudence. Courts have consistently recognized that plaintiffs must be given a meaningful opportunity to pursue

legitimate claims against public servants acting under color of law. WMATA's stonewalling tactics should not be permitted to frustrate this fundamental principle of accountability.

Given the strong showing of good cause, the narrow scope of the requested discovery, the absence of alternative means to obtain this essential information, and the minimal burden on WMATA, the totality of circumstances strongly favors granting this motion. The Court should exercise its authority under Rules 26(d)(1) and 34(b)(2)(A) to order WMATA to provide the requested identifying information within twenty days, allowing Plaintiff to proceed with his legitimate claims against the officers who allegedly violated his constitutional rights.

## V.    CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court:

Grant limited discovery directing WMATA to provide, within twenty (20) days, the complete names and current or last known addresses of Defendants Castro, Henderson, Rich, Barreto, and any other officers involved in the December 11, 2023 incident;

Allow Plaintiff ninety (90) days from receipt of this information to effect service of process on these Defendants; and

Grant such other relief as this Court deems just and proper.

Respectfully submitted,

*Kim Parker*

_____

Kim Parker, Esquire
Fed Bar No.: 23894
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O:410-234-2621
F: 443-486-1691
E:kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Appearance was served this

day on all counsel of record via the Court's ECF filing system, and a copy has been sent via

electronic mail to counsel for Defendant Prince George's County to:

Shelley Lynn Johnson, Esquire
Prince Georges County Office of Law
Wayne K. Curry Adminstration Building
1301 McCormick Dirve, Suite 4100
Largo, MD 20774
13019525225
Fax: 13019523071
Email: sljohnson@co.pg.md.us

*Kim Parker*

_____
Kim Parker, Esquire
COUNSEL FOR PLAINTIFF