IN THE UNITED STATES DISTRICT COURT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **DAMON B. WILSON**<br><br>PLAINTIFF<br>-versus-<br><br>**PRINCE GEORGES COUNTY GOVERNMENT,** et al<br><br>DEFENDANTS | CIVIL CASE NO.:   **8:25-CV-01312-PX** |

INTERROGATORIES TO DEFENDANT
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

Pursuant to Fed. R. Civ. P. 33, L.R. 104, and Appendix A to the Local Rules (Discovery Guidelines), Damon Wilson, by his undersigned attorneys, propounds these Interrogatories, to which, Defendant The Washington Metropolitan Area Transit Authority ("WMATA") shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory. 3. Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the

responding party shall state that the answer is partial or incomplete. 4. Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (1) For oral communications: a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; b. the date and place of the communication; and c. the general subject matter of the communication. (2) For documents: a. the type of document, b. the general subject matter of the document, c. the date of the document, and d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

    5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in a manner consistent with Guideline 2.04 of the ESI Principles.

    6. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

    Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

    1. Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

    2. Communication: The term "communication" means the transmittal of information by any means.

    3. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. Identify (with respect to persons): When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. Identify (with respect to documents): When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. Occurrence/Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. Parties: The terms "plaintiff" and "defendant" (including, without limitation, thirdparty plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. You/Your: The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## **Interrogatories**

**INTERROGATORY NO. 1:** For each WMATA Metro Transit Police Department officer, including but not limited to Officers Castro, Henderson, Barreto, Sergeant Rich, and any other officers present or involved in any capacity in the incident involving Plaintiff Damon Wilson on December 11, 2023, on or near the Metro Bus in Prince George's County, Maryland, please provide the complete first, middle, and last name, current or last known residential address, current or last known personal telephone number, date of hire with WMATA Metro Transit Police Department, and current or last known personal email address. For purposes of this interrogatory, "involved in any capacity" includes, but is not limited to, any officer who was present at the scene, participated in the detention or arrest of Plaintiff, used or threatened to use force against Plaintiff, prepared, reviewed, or approved any incident reports, participated in charging decisions,

supervised any responding officers, or communicated with other officers about the incident either during or after its occurrence.

RESPONSE:

                                      Respectfully submitted,

                                      *Kim Parker*

                                      _____
                                      Kim Parker, Esquire
                                      Fed Bar No.: 23894
                                      LAW OFFICES OF KIM PARKER, P.A.
                                      2123 Maryland Avenue
                                      Baltimore, Maryland 21218
                                      O:410-234-2621
                                      F: 443-486-1691
                                      E:kp@kimparkerlaw.com