IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAMON B. WILSON**<br>6904 Stirling Street<br>Fort Washington, MD 20744<br><br>          **Plaintiff,**<br>     vs.<br><br>**PRINCE GEORGES COUNTY GOVERNMENT**<br>Serve: Rhonda L. Weaver, Esq. County Attorney, Resident Agent<br>1301 McCormick Drive<br>Suite 4100<br>Largo, MD 20774<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA)**<br>Serve: Patricia Y. Lee, Resident Agent<br>300 7th Street SW<br>Washington, D.C. 20024<br><br>**METRO OFFICER CASTRO**<br>600 5th Street NW<br>Washington, D.C. 20001<br><br>**METRO OFFICER HENDERSON**<br>600 5th Street NW<br>Washington, D.C. 20001<br><br>**METRO SERGEANT RICH**<br>600 5th Street NW<br>Washington, D.C. 20001<br><br>**METRO OFFICER BARRETO**<br>600 5th Street NW<br>Washington, D.C. 20001 | **Case No.: 8:25-cv-1312** |

| | |
|---|---|
| **And**<br><br>**METRO OFFICER JOHN DOE**<br>**600 5th Street NW**<br>**Washington, D.C. 20001**<br><br>      **Defendants.** | |

## WMATA'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant WMATA submits this Memorandum of Points and Authorities in support of its partial Motion to Dismiss Plaintiff's Third Amended Complaint.

## INTRODUCTION

Plaintiff filed suit in the Circuit Court of Maryland for Prince George's County in November 2024 and amended his complaint three times before serving WMATA with the Third Amended Complaint on April 15, 2025 (Third Am. Compl). In this Third Amended Complaint, Plaintiff alleges that several police officers employed by Washington Metropolitan Area Transit Authority's ("WMATA") Metro Transit Police Department ("MTPD") were negligent and committed intentional torts against him during the course of writing him a citation for failing to pay his fare on a WMATA Metrobus on December 11, 2023. Plaintiff's Complaint names WMATA and four individual "Metro Officers" as defendants as well as the Prince George's County Government. There is also an unidentified "Metro Officer John Doe" named as defendant. Of Plaintiff's eleven counts in the Complaint, two are directed against WMATA, one for negligence

(Count Ten) and one for violations under Section 504 of the Rehabilitation Act of 1973 (Count Eleven).

On April 23, 2025, Defendant WMATA removed the action to this Court pursuant to Public Law 89-774, paragraph 81, codified at Md. Code Ann., Transp. § 10-204(81). (ECF # 1.)   WMATA now moves for dismissal of Plaintiff's negligence count, because WMATA's police function is a quintessential governmental function for which WMATA enjoys sovereign immunity, and Plaintiff's claims of negligence arise from the alleged actions or omissions taken by MTPD police officers interacting with Plaintiff in their capacity as law enforcement officers.   *See* Third Amended Complaint, Count Ten.

## BACKGROUND

On December 11, 2023, Plaintiff boarded a WMATA Metrobus in Prince George's County, Maryland.   (Third Am. Compl. ¶¶ 14–15.)   He alleges that an individual MTPD officer in plainclothes approached him and told Plaintiff that he had witnessed Plaintiff board the bus without paying his fare. (*Id*. ¶ 17).   He also alleges that the officers requested that he leave the bus to write him a citation, and then took other actions against him, for which he alleges claims against them for negligence, simple and gross; assault and battery, malicious prosecution and defamation, intentional infliction of emotion distress, and violations under the Maryland Declaration of Rights.   (*Id.*, Counts One – Nine.).

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a court's authority to entertain a suit for lack of subject-matter jurisdiction.   *Hutcherson v. WMATA*, No. CIV. 08-3044-RWT, 2009 WL 2168998, at *1 (D. Md. July 16, 2009).   An assertion of

governmental immunity is properly addressed under Rule 12(b)(1). *Smith v. WMATA*, 290 F.3d 201, 205 (4th Cir. 2002). If the governmental entity challenges jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *Id*.

When deciding a Rule 12(b)(1) motion, the court accepts a plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff, relying solely on the pleadings. *Hutcherson*, 2009 WL 2168998, at *1 (citing *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.,* 174 F.Supp.2d 388, 391 (D. Md. 2001)). The court will grant a 12(b)(1) motion if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991)). If the court determines that it lacks jurisdiction, it must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

## I.  WMATA'S SOVEREIGN IMMUNITY REQUIRES DISMISSAL OF PLAINTIFF'S NELIGENCE COUNT.

Plaintiff's negligence count against WMATA must be dismissed because Plaintiff's claim arises out of its police function, for which WMATA has sovereign immunity.

WMATA is a tri-jurisdictional governmental agency of Maryland, Virginia, and the District of Columbia. *See Martin v. WMATA,* 667 F. 2d 435, 436 (4th Cir. 1981); *Morris v. WMATA,* 781 F.2d. 218, 220 (D.C. Cir. 1986); *Dant v. WMATA*, 829 F.2d 69, 74 (D.C. Cir. 1987). It was created by interstate compact in order to provide mass transit in the Washington D.C. Metropolitan Area. *Id.* Because WMATA is a governmental agency, it is immune from suit except to the extent that its sovereign immunity has been waived. *Id; see also Delon Hampton & Assocs., Ctd., v. WMATA,* 943 F. 2d 355, 359

(4th Cir. 1991) (*citing Beatty v. WMATA,* 860 F.2d 1117, 1126 (D.C. Cir. 1988)). Section 80 of the WMATA Compact states, in pertinent part, that WMATA, "*shall not be liable for any such torts occurring in the performance of a governmental function*." Md. Code Ann., Transp. § 10-204(80) (West 2018) (emphasis added).

"WMATA's police activities are an exercise of a governmental function[ ] and … lie outside the scope of [WMATA's] … waiver of sovereign immunity." *Dant,* 829 F.2d at 74. "[I]n approving the [WMATA] Compact … Congress has foreclosed judicial remedy against WMATA for all torts … committed by WMATA in the exercise of [its] police functions…." *Id.* at 71. "It is fairly established … [that] the operation of a police force is a governmental function and the acts or omission in connection therewith ordinarily does not give rise to liability." *Martin,* 667 F. 2d at 436; *see also Dant,* 829 F. 2d at 74; *Myers v. U.S.,* 15 A.3d 688, 691 (D.C. 2011); *see, e.g., McKethean v. WMATA,* 588 A.2d 708 (D.C.1991); *Hall v. WMATA,* 468 A.2d 970 (D.C.1983); *Qasim v. WMATA,* 455 A.2d 904 (D.C.1983)(*en banc*).

Plaintiff's negligence claim falls squarely within WMATA's quintessential governmental function – its police function.  All allegations of negligence arise from a limited set of facts, all involving Plaintiff and MTPD officers. First, Plaintiff alleges, MTPD Officer Castro required Plaintiff to leave the Metrobus without justification, after Officer Castro asserted that Plaintiff failed to pay his fare. (Third Am. Compl. ¶¶ 16-19). MTPD Officer Henderson then pushed Plaintiff off the bus, Plaintiff claims, using excessive force, which caused Plaintiff injury. (*Id*. ¶¶ 21-22).  All of Plaintiff's counts arise from this basic set of allegations. It is uncontroverted that WMATA is immune from suit for any negligence claims based upon its MTPD officers "acts or omissions." *Martin,*

*supra*; s*ee also Griggs v. WMATA,* 232 F. 3d 917, 922 (D.C. Cir. 2000) ([Section] 80 of the Compact cloaks WMATA itself with absolute immunity for torts arising in the exercise of governmental functions).

Even *assuming* that the facts of this case did not arise out of a police investigation, Plaintiff could not proceed against WMATA under an alternate theory, such as that of negligent training. WMATA also has immunity under its discretionary function governmental immunity. *See Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1217, (D.C.Cir.,1997)("[WMATA's] discretionary function immunity also forecloses Plaintiff from proceeding on this claim.   We hold that decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review.").

## II.     CONCLUSION

For the foregoing reasons, Defendant WMATA requests that the Court grant its motion for partial dismissal of Plaintiff's complaint against WMATA and dismiss Plaintiff's claim of negligence for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Respectfully Submitted,

/s/ *Janice L. Cole*
Janice L. Cole #09562
Senior Counsel II
WMATA
300 7th St., S.W.
Washington, D.C.   20024
(202) 962-2543
(202) 962-2550
Email: jlcole@wmata.com

  */s/ Neal M. Janey, Jr.*
Neal M. Janey, Jr. *Bar No.: 26800*

Senior Counsel II
Office of General Counsel - WMATA
300 Seventh Street, S.W.
Washington, D.C.   20024
(202) 962-1067 telephone
(202) 962-2550 facsimile
E-mail:   nmjaney@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing WMATA's Partial Motion to Dismiss was emailed via this Court's ECF filing system, on the 6th day of May 2025 to:

Kim Parker, Esq.
AIS NO.: 9312160035
Law Offices of Kim Parker
2123 Maryland Avenue
Baltimore, MD 21218
Telephone: 410-234-2621
Email: kp@kimparkerlaw.com
Counsel for the Plaintiff

/s/ *Janice L. Cole*
Janice L. Cole #09562