# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAMON B. WILSON**<br>6904 Stirling Street<br>Fort Washington, MD 20744<br><br>           **Plaintiff,**<br>   vs.<br><br>**PRINCE GEORGES COUNTY GOVERNMENT**<br>Serve: Rhonda L. Weaver, Esq. County Attorney, Resident Agent<br>1301 McCormick Drive<br>Suite 4100<br>Largo, MD 20774<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA)**<br>Serve: Patricia Y. Lee, Resident Agent<br>300 7th Street SW<br>Washington, D.C. 20024<br><br>**METRO OFFICER CASTRO**<br>600 5th Street NW<br>Washington, D.C. 20001<br><br>**METRO OFFICER HENDERSON**<br>600 5th Street NW<br>Washington, D.C. 20001<br><br>**METRO SERGEANT RICH**<br>600 5th Street NW<br>Washington, D.C. 20001<br><br>**METRO OFFICER BARRETO**<br>600 5th Street NW<br>Washington, D.C. 20001 | **Case No.: 8:25-cv-1312** |

| |  |
|---|---|
| **METRO OFFICER JOHN DOE**<br>**600 5th Street NW**<br>**Washington, D.C. 20001**<br>        **Defendants.** | |

## WMATA'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED, EARLY DISCOVERY

Defendant WMATA by and through counsel, opposes Plaintiff's Motion for Expedited Early Discovery. For reasons set forth more thoroughly herein, WMATA states that the motion should be denied because Plaintiff has failed to: 1) confer with Defendant before filing the motion; 2) comply with the WMATA PARP process to obtain the information; 3) request a WMATA police report under the process posted on its public website, a process specifically referenced in the email sent to Plaintiff on December 19, 2024 (Exhibit A); 4) meet the high standard of expedited, early discovery set forth in *L'Occitane, Inc. v. Trans Source Logistics, Inc*, (WMN-09-CV-2499) 2009 WL 3746690 (D. Md. Nov. 2, 2009) 74 Fed.R.Serv.3d 1432.

This case involves an incident where the Metro Transit Police ("MTP") officers requested that Plaintiff step of the bus for the receipt of a citation on December 11, 2023, Officers in plainclothes witnessed Plaintiff not paying his fare when boarding the bus. Plaintiff was neither assaulted or battered, despite Plaintiff's allegations to the contrary.

Plaintiff seeks to avail himself of early, expedited discovery under Fed. R. Civ.P. 26(d)(1), bypassing all normal processes of discovery set forth under the rules of this court.  Those rules require that that a scheduling order be entered first --after counsel has conferred together. *See* L.R 4 and L.R. 7. Had counsel for Plaintiff taken ten minutes to confer with WMATA's counsel, undersigned counsel would have directed Plaintiff to

https://wmata.com//about/transit-police/how.cfm#obtain_report on WMATA's public web site, specifically to the the section titled "How do I obtain a copy of a police report?" WMATA releases police reports daily to persons who follow the four simple steps listed on that site.[1]

Plaintiff's counsel did not make any effort to request the police report from the Metro Transit Police Department ("MTPD"); in her affidavit attached to the motion, she lists other efforts that do not appear reasonably calculated to find information about the Metro Transit Police officers she was looking for; notably, her list does not mention that she requsted the MTPD police report. The police report would undoubtedly have provided information she is looking for.

Plaintiff's counsel also did not provide a notarized release to WMATA from her client, Mr. Wilson, as requested in the email sent from WMATA's PARP team. *See* Exhibit A. The email from WMATA on December 19, 2024, directed that Plaintiff's counsel provide, by January 6, 2025, a notarized release from her client, authorizing WMATA to release records to her. Plaintiff's counsel failed to comply. Despite this

---

1 The hyperlink to WMATA's website leads to a page with the following instructions:

All requests for an MTPD police report are to be made via US MAIL. Police reports are released via US MAIL or E-MAIL once the request has been processed by POLICE RECORDS. Please submit the Request a MTPD Police Report Form with your documentation and payment.

1. Submit a Request a MTPD Police Report Form (download form via link).
2. Include a photocopy of valid state identification (example: driver's license).
3. Include a check or money order payable to "WMATA" for $10.00.
4. Include a self-addressed envelope, with postal stamp (necessary postage), that indicates where the report will be sent via US MAIL (United States Postal Service).

Send all contents to the below address:
WMATA
ATTN: MTPD Crime Analysis and Police Records Division
4100 Garden City Drive
Hyattsville, MD 20785

failure, Plaintiff's counsel chooses to allege that the PARP requirements were "obstructionist," when it simply appears that Plaintiff did not feel like making an effort to comply with WMATA's privacy policy, which safeguards information from being improperly released. Thus, Plaintiff is simply wrong in her assertion that "without court intervention, Plaintiff has no other means of obtaining this essential information." Plaintiff has had, and still has opportunities to obtain this information.   Plaintiff may request a police report tomorrow. Instead, Plaintiff asks the Court for an extraordinary remedy without having made reasonable efforts on their own behalf to obtain this information.

Nor does the one case cited by Plaintiff aid his cause. In *L'Occitane, Inc. v. Trans Source Logistics, Inc*, (WMN-09-CV-2499) 2009 WL 3746690 (D. Md. Nov. 2, 2009) 74 Fed.R.Serv.3d 1432, the court denied the extraordinary measure of expedited discovery. The Court denied the plaintiff's request because "the Court finds that Plaintiff has not shown good cause to grant its request for expedited discovery […]." *Id*.at *2.   Of note, the case pertained to, and discussed, allowing expedited discovery in the context of a *party seeking to prepare for a preliminary injunction hearing,* which has different, expedited timelines compared to "regular" litigation, such is at issue here. *See id*.

Plaintiff' does not explain how the imposition of early, expedited discovery imposed on WMATA is reasonable where Plaintiff has neglected to first make minimal and reasonable effort on his own behalf to obtain information, such as requesting the WMATA police report.

Wherefore, for reasons stated, good cause shown and for other and such reasons that this Court may deem appropriate, WMATA opposes Plaintiff's motion for expedited

and early discovery, Plaintiff having failed to show good cause for such relief and WMATA therefore moves that the motion be denied.

                                                Respectfully Submitted,

                                                /s/ *Janice L. Cole*
Janice L. Cole #09562
Senior Counsel II
300 7th St., S.W.
Washington, D.C.   20024
(202) 962-2543
(202) 962-2550
Email: jlcole@wmata.com

                                                /s/ *Neal M. Janey, Jr.*
Neal M. Janey, Jr. *Bar No.: 26800*
Senior Counsel II
300 Seventh Street, S.W.
Washington, D.C.   20024
(202) 962-1067 telephone
(202) 962-2550 facsimile
E-mail:   nmjaney@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing WMATA's Opposition to Plaintiff's Motion for Expedited Discovery, Exhibit, and Proposed Order was emailed via this Court's ECF filing system, on the 7th day of May 2025 to:

Kim Parker, Esq.
AIS NO.: 9312160035
Law Offices of Kim Parker
2123 Maryland Avenue
Baltimore, MD 21218
Telephone: 410-234-2621
Email: kp@kimparkerlaw.com
Counsel for the Plaintiff

                                                /s/ *Janice L. Cole*
Janice L. Cole #09562