IN THE UNITED STATES DISTRICT COURT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| DAMON B. WILSON<br><br>**PLAINTIFF**<br><br>vs<br><br>PRINCE GEORGES COUNTY GOVERNMENT, *et al*<br><br>**DEFENDANTS** | CIVIL CASE NO.:   8:25-CV-01312-PX |

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED LIMITED DISCOVERY**

**NOW COMES**, Plaintiff Damon Wilson ("Plaintiff"), by and through undersigned counsel, and responds to the Defendant's Response in Opposition to Plaintiff's Motion for Limited Expedited Discovery. In support thereof, Plaintiff states as follows:

1. The Washington Metropolitan Area Transit Authority (WMATA) opposition does not, and cannot, obscure the fundamental reality of this case: that Plaintiff cannot serve those responsible because he is unable to ascertain their identities. The opposition relies alleged procedural technicalities and mischaracterizations, but never disputes the essential facts or the good cause for limited discovery. The Court should grant Plaintiff's motion and order WMATA to promptly provide the basic identifying information necessary for this action to proceed, especially for judicial economy.

2. WMATA's assertion that Plaintiff's counsel failed to make "reasonable" efforts is unsupported by the record. As outlined in the Affidavit of Counsel, Plaintiff's counsel conducted extensive and creative searches of public records, White Pages, court dockets, and submitted a detailed Public Access to Records (PARP) request—actions going far beyond what most parties

1

would do to identify adverse parties. WMATA's suggestion that Plaintiff could have simply "requested a police report" ignores its own bureaucratic barriers[1]. The December 19, 2024, PARP response imposed draconian hurdles, including a notarized release, that are not required of ordinary members of the public seeking public records, under the Freedom of Information Act (FOIA) or *similar regulations*. Moreover, police reports, which WMATA suggests as a source of identifying information, **typically do not contain officers' full names or home addresses**, nor do they provided anything helpful in similar litigants quest to ascertain the identity of a potential defendant. The Defendant response fails to state that such a report would in fact contain the officers' full names and home addresses, as required for proper service of process under Fed. R. Civ. P. 4.

3.Critically, Plaintiff's counsel's diligent efforts were met with shifting requirements and a non-cooperative response from WMATA. The argument that Plaintiff "has, and still has, opportunities" is of no consequence when every attempt is met with new obstacles and shifting standards. WMATA has the ability to resolve this issue in minutes; it simply refuses to do so without court intervention. Defendant's argument that a simple phone call could have resolved the issue rings equally true for defense counsel, who themselves could have taken the initiative to clarify or address Plaintiff's counsel's requests, thus avoiding any purported delay or lapse in communication. It is disingenuous for the Defendant to suggest that only Plaintiff's counsel bore the obligation to seek clarification, while defense counsel had no corresponding duty to respond or proactively assist. This approach reflects a clear double standard, as defense counsel could have easily addressed the undersigned's requests and thereby prevented any alleged delay. Instead,

---

[1] Plaintiff contends and hereby avers that WMATA's PARP policies are unconstitutional as they impose unjustified barriers that hinder the public's right to access public records. The procedures and requirements mandated by WMATA's PARP serve to create unnecessary hurdles for individuals seeking records, contravening the principles of transparency and open government. Accordingly, these policies are intended to obstruct members of the public from obtaining public records from a quasi-governmental agency.

WMATA chose to close the PARP request on the grounds that litigation had commenced, as documented in *Plaintiff's Motion, Attorney Declaration Exhibit C*. Even *assuming arguendo* that the Police Report contained identifying information—which it does not—WMATA's practice of closing PARP requests upon the initiation of litigation leaves Plaintiff without any reasonable means of obtaining the identities of the defendants, short of engaging in discovery, a process that may take several months. This course of conduct operates to the substantial prejudice of the Plaintiff, who is deprived of timely access to critical information solely due to WMATA's procedural maneuvering.

    4. The standard in this Circuit is "reasonableness or good cause, taking into account the totality of the circumstances." See also *Dimension Data N. Am., Inc. v. NetStar-1, Inc.,* 226 F.R.D. 528, 531 (E.D.N.C. 2005); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (3d ed. 2010). Plaintiff has easily met this standard: he has alleged specific, supported constitutional violations by public officers; he has made exhaustive efforts to identify defendants; and without limited discovery, he cannot serve process or proceed with his claims. WMATA ignores the well-established principle that where the identities of alleged defendants are not known prior to the filing of a complaint, ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

    5. Plaintiff does not seek open-ended discovery. He requests only the information necessary to identify and serve the officers allegedly responsible for serious constitutional violations. This is the minimum required for due process and access to the courts. WMATA's suggestion that Plaintiff should be required to exhaust every conceivable non-judicial avenue before seeking the Court's help has no basis in the law, nor have they cited any legal precedent to support such a

[b]ald assertion. The Federal Rules expressly allow for court-ordered discovery where good cause is shown, which is precisely the case here.

6.WMATA's opposition offers no valid reason to deny Plaintiff a basic opportunity to pursue his civil rights claims. Plaintiff has demonstrated good cause, diligence, and the necessity of limited expedited discovery. The Court should grant the Motion, and order WMATA to provide the requested information within twenty days.

WHEREFORE, Plaintiff respectfully request that this Court grant the motion, and for such other and further relief as may be deemed just and proper.

                Respectfully submitted,

                /s/ Kim Parker

                Kim Parker, Esquire
                Fed Bar No.: 23894
                LAW OFFICES OF KIM PARKER, P.A.
                2123 Maryland Avenue
                Baltimore, Maryland 21218
                O:410-234-2621
                F: 443-486-1691
                E:kp@kimparkerlaw.com

                COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

A copy of the foregoing Reply was served this 9th day of May, 2025, on all counsel of record in accordance with the Courts ecf filing system, and via email to:

Shelley Lynn Johnson, Esquire
Prince Georges County Office of Law
Wayne K. Curry Adminstration Building
1301 McCormick Dirve, Suite 4100
Largo, MD 20774
13019525225
Fax: 13019523071
Email: sljohnson@co.pg.md.us

Counsel for Defendant Prince Georges County Government

/s/ Kim Parker

_____

Kim Parker, Esquire