**DAMON B. WILSON**

      Plaintiff,

vs.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA,** *et al*
    Defendants,

CASE NO. **8:25-CV-01312-PX**

## MOTION REQUESTING THE COURT ISSUE A SCHEDULING ORDER

**NOW COMES**, Plaintiff Damon B. Wilson, by and through his undersigned counsel and pursuant to Rule 16 of the Federal Rules of Civil Procedure, respectfully moves this Court to enter a scheduling order governing pretrial proceedings in this matter. In support of this Motion, Plaintiff states as follows:

1. On November 16, 2024, Plaintiff filed this action in the Circuit Court for Prince George's County, Maryland.

2. On April 23, 2025, Defendants removed the case to this Court.

3. On June 10, 2026, this Court issued its Memorandum Opinion and Order resolving Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to Amend.

4. On June 18, 2026, consistent with the Court's ruling, Plaintiff filed his Corrected Amended Complaint.

5. That same day, Defendant Washington Metropolitan Area Transit Authority ("WMATA") filed its Answer to the Amended Complaint. The case is therefore at issue as to WMATA.

6. On July 9, 2026, by agreement of counsel, Plaintiff served Defendant Lyndon Harris with the Summons, the Corrected Fourth Amended Complaint, and a redlined copy of the Fourth Amended Complaint, in care of his defense counsel, Janice Cole.

7. On July 8, 2026, in an effort to move this litigation forward without the Court's intervention, undersigned counsel provided defense counsel with a proposed scheduling order. On July 14, 2026, defense counsel advised that she was not prepared to discuss scheduling because Defendant Harris is still evaluating what responsive pleading he may file to the recently served Amended Complaint. A copy of that correspondence is attached as **Exhibit A**.

8. Rule 16(b)(1) provides that the district court "must issue a scheduling order" in each civil action, Fed. R. Civ. P. 16(b)(1). Once entered, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

9. Rule 16(b)(2) further directs that the judge issue the scheduling order "as soon as practicable," and, absent good cause for delay, within the earlier of 90 days after any defendant has been served or 60 days after any defendant has appeared. Fed. R. Civ. P. 16(b)(2). Defendants appeared in this matter upon removal more than a year ago, and WMATA has now answered the operative complaint. The pleadings-stage motions practice that previously made scheduling premature has concluded.

10. Any responsive pleading Defendant Harris may yet file does not stand in the way of entering a schedule. WMATA has answered, discovery as to WMATA can and should proceed, and nothing Defendant Harris might file would be dispositive of the case as a whole. Should Defendant Harris's anticipated filing materially affect the pretrial schedule, Rule 16(b)(4) supplies the mechanism for any needed adjustment.

11.Judicial economy favors entry of a scheduling order now. This case has been pending since November 2024. A schedule will permit the parties to exchange initial disclosures, commence discovery, and move this matter toward summary judgment or trial rather than allowing it to sit idle while a single defendant weighs its pleading options.

12.Plaintiff proposes the following pretrial schedule, which tracks this Court's standard scheduling order and affords the parties ample time for fact and expert discovery:

| Event | Deadline |
|---|---|
| Rule 26(a)(1) initial disclosures | **August 17, 2026** |
| Moving for joinder of additional parties and amendment of pleadings | **September 1, 2026** |
| Plaintiff's Rule 26(a)(2) expert disclosures and reports | **November 2, 2026** |
| Defendants' Rule 26(a)(2) expert disclosures and reports | **December 3, 2026** |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures and reports | **January 18, 2027** |
| Rule 26(e)(2) supplementation of disclosures and responses | **March 1, 2027** |
| Service of requests for admission | **March 15, 2027** |
| Completion of discovery; submission of post-discovery status report | **May 3, 2027** |
| Completion of expert depositions | **May 31, 2027** |
| Dispositive pretrial motions (if more than one party intends to move for summary judgment, the provisions of Local Rule 105.2.c apply) | **June 25, 2027** |
| Deposition hours — Plaintiff (fact witnesses) | **40 hours** |
| Deposition hours — Defendants (fact witnesses) | **40 hours** |

13. For these reasons, good cause exists for the entry of a scheduling order at this time.

WHEREFORE, Plaintiff respectfully requests that this Court enter a scheduling order in the form set forth above, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Kim Parker*

_____

**KIM PARKER, ESQUIRE**
**FED BAR NO.: 23894**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O:410-234-2621
F: 443-486-1691
E:kp@kimparkerlaw.com

**BRANDON JAMES, ESQUIRE**
**FED BAR NO.: 22125**
The James Legal Group, LLC
P.O. Box 66247
Baltimore, Maryland 21239
Office: 240-424-5783
Email: bjames@jameslegalgroup.org

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2026, Plaintiff served a copy of the

Motion Requesting Issuance of Scheduling Order, to all counsel of record, via the Court's ECF

filing system.

*Kim Parker*

_____

**KIM PARKER, ESQUIRE**
COUNSEL FOR PLAINTIFF