**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| **DAMON B. WILSON**<br><br>PLAINTIFF<br>-versus-<br><br>**PRINCE GEORGES COUNTY GOVERNMENT,** et al<br><br>DEFENDANTS | CIVIL CASE NO.: **8:25-CV-01312-PX** |

**DECLARATION OF KIM PARKER, ESQUIRE IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

I, Kim Parker, being duly sworn, depose and state:

1. I am an attorney duly licensed to practice law in the State of Maryland and am counsel of record for Plaintiff Damon B. Wilson in the above-captioned matter.

2. I make this Declaration based on personal knowledge and in support of Plaintiff's Motion for Limited Discovery to identify the complete names and current addresses of Defendant Officers Castro, Henderson, Rich, Barreto, and John Doe.

3. Since undertaking representation of Mr. Wilson in this matter, I have conducted extensive research and made numerous attempts to ascertain the complete identities and whereabouts of the Defendant Officers involved in the December 11, 2023 incident.

4. My investigative efforts began with a comprehensive search of public records databases. I conducted multiple searches through White Pages, attempting various combinations of the known surnames (Castro, Henderson, Rich, and Barreto) along with geographic limiters focused on Prince George's County, Maryland, and surrounding areas where WMATA officers typically reside. These searches yielded numerous individuals sharing these surnames, but without additional identifying information, I was unable to determine which, if any, were the subject officers.

5. I performed exhaustive Google searches using various search parameters, including but not limited to combinations of the officers' surnames with terms such as "WMATA," "Metro Transit Police," "Prince George's County," and "Metro Police Officer." These searches failed to yield any definitive information about the specific officers involved in the December 11, 2023 incident.

6. I thoroughly searched the Maryland Judiciary Case Search system, reviewing both criminal and civil cases involving WMATA officers as parties or witnesses, hoping to find additional identifying information about officers with these surnames. While this search revealed

some cases involving WMATA officers, none provided sufficient information to positively identify the specific officers involved in Mr. Wilson's case.

7. On November 27, 2024, I submitted a detailed Public Access to Records Request (PARP) to WMATA (attached hereto as ***Exhibit A***), seeking specific information about the officers involved in the December 11, 2023 incident. The request was comprehensive and precisely detailed the information sought, including officer identities, and related documentation pertaining to the incident.

8. On December 19, 2024, WMATA responded to the PARP request (attached hereto as ***Exhibit B***) with what appears to be deliberately obstructionist tactics. Despite the clear and detailed nature of our request, WMATA claimed the request lacked sufficient detail. They also imposed additional, unnecessary requirements for disclosure and raised various objections that appear designed to prevent the release of basic identifying information about their officers.

9. WMATA's response was particularly troubling given that even a cursory review of our PARP request would show it contained more than adequate detail to identify the relevant records and information sought. Their demand for additional disclosures appears to be an artificial barrier to accessing public information about public servants involved in a serious incident.

10. The combination of having only surnames to work with and WMATA's obstructionist response to our PARP request has made it impossible to properly identify and serve these defendants despite my diligent efforts.

11. On April 23, 2025, WMATA closed my PARP request stating that because the matter was in litigation, they would no longer be processing the requests. This is regrettable. ***Exhibit C.***

12. Without the Court's intervention through limited discovery, Plaintiff will be unable to proceed with his claims against the individual officers who violated his civil rights and caused him serious physical and emotional injury.

13. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Further Affiant sayeth not.

Kim Parker

__________________________
Kim Parker, Esquire

EXHIBIT A

Outlook

## PARP Request My File No.: 23-KP-938883

**From** Kim Parker, Esquire <kp@kimparkerlaw.com>
**Date** Wed 11/27/2024 1:15 PM
**To** PARP@wmata.com <PARP@wmata.com>
**Cc** Brandon James <bjames@jameslegalgroup.org>; MYCASE FILING SYSTEM <the-law-offices-of-kim-parker-pa-89scKAXrj5@mycasemail.com>

I am writing this request in accordance with the Maryland Public information Act (MPIA) and the Metro's Public Access to Records (PARP) policy . Please provide the following, regarding Police Interaction on **December 11, 2023**, on **A-12 Bus Heading to Addison Road;** Person Stopped/arrested: **Damon Black Wilson, Tracking Number 222001482964, Case Number D-05-CR-24-060345:**

1. **Copies of ANY AND all Body Camera footage from any and all officers present on 12-11-2023 1 hour before the stop/arrest of Mr. Wilson, and 2 hours after the arrest/detention of Mr. Wilson:**
2. **Copies all incident reports pertaining to the interaction with Mr. Wilson on 12-11-2023;**
3. **Copies of all statements in your possession by the police officers regarding the stop of Mr. Wilson on 12-11-2023;**
4. **Copies of ANY AND ALL emails regarding the stop of Mr. Wilson on 12-11-2023;**
5. **Copies of any internal video footage which reflects the stop and subsequent detention of Mr. Wilson;**
6. **Copies of all documents, correspondence, and other evidence submitted to a State's Attorney regarding the citation issued to Mr. Wilson on December 11, 2023;**
7. **A list of all Transit Police Officers involved in the stop and detention of Mr. Wilson on 12-11-2023, including but not limited to, complete name, title, badge number, and number of years with the Metro Transit Police Department;**
8. **Copies of all disciplinary records of all Officers involved in the stop of Mr. Wilson on 12-11-2023, consistent with the principles of Senate Bill 178 ("Anton's Law"), 2021 Md. Laws, ch. 62; and The Comprehensive Policing and Justice Reform Act of 2022. Since this citation as issued in Maryland, WMATA must comply with this requests in accordance with its own polices, and the laws of this jurisdiction consistent with the WMATA Compact 76(a);**
9. **Copies of all civilian complaints against all Officers involved in anyway with the stop and subsequent citation of Mr. Wilson on 12-11-2023.**
10. **A full and complete copy of WMATA Police Use of Force policy in effect on 12-11-2023;**

If all or any part of this request is denied, I request that I be provided with a written statement of the grounds for the denial. If you determine that some portions of the requested records are exempt from disclosure, please provide me with the portions that can be disclosed. Please advise me as to the cost, if any, for inspecting the records described above. I anticipate that I will want copies of some, or all of the

records sought. If you have adopted a fee schedule for obtaining copies of records and other rules or regulations implementing the Act, please send me a copy. Since the prosecution of this matter has concluded , and the time for appeal has expired, copies of the foregoing records will not interfere with the prosecution or investigation of this case. A criminal proceeding is completed when a "sentence is imposed on a verdict of guilty. That is when judgment is entered." *Chmurny v. State*, 392 Md. 159, 896 A.2d 354 (2006). See also *Tweedy v. State*, 380 Md. 475, 845 A.2d 1215 (2004); *Greco v. State*, 347 Md. 423, 433, 701 A.2d 419 (1997); *Whack v. State*, 338 Md. 665, 659 A.2d 1347 (1995); *Myers v. State*, 303 Md. 639, 645, 496 A.2d 312 (1985). In *Blythe v. State*, 161 Md.App. 492, 561, 870 A.2d 1246 (2005), the Court of Appeals held that a defendant still serving a sentence was not a defendant in a "pending criminal proceeding in the context of the Maryland Public Information Act (MPIA).The PIA provides a general right to information – "[a]ll persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees." Gen. Prov. § 4-103(a). Accordingly, "[t]o carry out the right set forth in subsection (a) of this section, unless an unwarranted invasion of the privacy of a person in interest would result, this title shall be construed in favor of allowing inspection of a public record." Gen. Prov. § 4-103(b). Unsurprisingly, the provisions of the statute are to be "liberally construed. . . in order to effectuate the Public Information Act's broad remedial purpose." *Haigley*, 128 Md. App. at 208, 736 A.2d at 1192 (internal quotation marks omitted). Pursuant to section 134 of the Comprehensive Policing Act, D.C. FOIA was amended to prohibit the use of the personal privacy exemption to categorically exclude the release of disciplinary records for MPD.8 Section 135 of the Comprehensive Policing Act amended the Office of Citizen Complaint Review Establishment Act of 1998. Section 135 requires the Office of Police Complaints ("OPC") to establish and maintain a publicly accessible database that includes information related to certain sustained allegations of misconduct.

I look forward to receiving disclosable records promptly and, in any event, to a decision about all of the requested records within ten(10) days. In the spirit of expedience, you may forward the requested records to me via email at kp@kimparkerlaw.com or by facsimile 443-486-1691.

Thank you for your cooperation. If you have any questions regarding this request, please telephone me at the above number.

**Respectfully,**

**Kim Parker, Esq.**| Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 443-486-1691| **Admitted to Practice in all Courts in Maryland and DC**.
Social Media Pages: https://linktr.ee/kpcounsel

LAW OFFICES OF
KIM PARKER P.A.
Our Practice is Your Solution

*Celebrating 30 Years Serving The Community In The Practice Of Law*

**"Speak up for those who have no voice, for the justice of all who are dispossessed. Speak up, judge righteously, and defend the cause of the oppressed and needy." -Proverbs 31:8-9**

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621 Additionally, please delete the electronic message and destroy any copies of the message. Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited. Thank you.

EXHIBIT B

Outlook

## PARP Request 24-0262; Damon Black Wilson Incident Records

**From** Yanos, Brian J. <BJYanos@wmata.com>
**Date** Thu 12/19/2024 4:35 PM
**To** Kim Parker, Esquire <kp@kimparkerlaw.com>; bjames@jameslegalgroup.org <bjames@jameslegalgroup.org>; the-law-offices-of-kim-parker-pa-89scKAXrj5@mycasemail.com <the-law-offices-of-kim-parker-pa-89scKAXrj5@mycasemail.com>
**Cc** Rashbaum, Benjamin <BRashbaum@wmata.com>; Noh, Richard D. <RDNoh@wmata.com>

Dear Ms. Parker:

The Washington Metropolitan Area Transit Authority (WMATA) acknowledges receipt of your November 27, 2024, Public Access to Records Policy (PARP) request regarding "Police Interaction on December 11, 2023, on A-12 Bus Heading to Addison Road; Person Stopped/arrested: Damon Black Wilson, Tracking Number 222001482964, Case Number D-05-CR-24-060345." Specifically, you are seeking the following records:

1. "Copies of ANY AND all Body Camera footage from any and all officers present on 12-11-2023 1 hour before the stop/arrest of Mr. Wilson, and 2 hours after the arrest/detention of Mr. Wilson[;]
2. Copies all incident reports pertaining to the interaction with Mr. Wilson on 12-11-2023;
3. Copies of all statements in your possession by the police officers regarding the stop of Mr. Wilson on 12-11-2023;
4. Copies of ANY AND ALL emails regarding the stop of Mr. Wilson on 12-11-2023;
5. Copies of any internal video footage which reflects the stop and subsequent detention of Mr. Wilson;
6. Copies of all documents, correspondence, and other evidence submitted to a State's Attorney regarding the citation issued to Mr. Wilson on December 11, 2023;
7. A list of all Transit Police Officers involved in the stop and detention of Mr. Wilson on 12-11-2023, including but not limited to, complete name, title, badge number, and number of years with the Metro Transit Police Department;
8. Copies of all disciplinary records of all Officers involved in the stop of Mr. Wilson on 12-11-2023 […];
9. Copies of all civilian complaints against all Officers involved in anyway with the stop and subsequent citation of Mr. Wilson on 12-11-2023[;]
10. A full and complete copy of WMATA Police Use of Force policy in effect on 12-11-2023[.]"

Please be advised that WMATA is an interstate compact agency created by the Commonwealth of Virginia, State of Maryland, and the District of Columbia, and not a Maryland agency. *See* Pub. L. No. 89-774, 80 Stat. 1324 (1966); Va. Code Ann. § 33.2-3100; Md. Code Ann., Transp. § 10-204; D.C. Code Ann. § 9-1107.1. Accordingly, WMATA is not subject to the Maryland Public Information Act. *See* Md. Code Ann., Transp. § 10-204, § 77. Therefore, your request will be processed pursuant to WMATA's PARP.[1]

**Metro Transit Police Records**

To the extent that your request is seeking Metro Transit Police Department (MTPD) police reports, instructions for requesting police reports can be found at https://www.wmata.com/about/transit-police/how.cfm#obtain_report under the section titled "How do I obtain a copy of a police report?"

**Video Records**

Requests for video records should be sent to the Metro Integrated Command and Communications Center (MICC), for handling in accordance with its business practices. Please review the instructions at https://www.wmata.com/about/records/index.cfm#2 which include the form to complete to request a copy of video records, and submit your completed form(s) to VideoOperationsRequest@wmata.com.

Any questions regarding requested video records, as well as future requests for video records, should be sent directly to MICC via email: VideoOperationsRequest@wmata.com. In the future, if you are also requesting non-video records, please submit a separate request to PARP@wmata.com.

**Authorization to Release Records to a Third Party**

Please be advised that in order to release information pertaining to a private individual, you must submit a **notarized authorization** from the individual **(Mr. Wilson)** which specifically authorizes WMATA to release the requested records to you **by close of business Monday, January 6, 2025.** If we do not receive the notarized release(s) by such date, we will continue processing your request, but information regarding any party for whom we have not received a notarized release will be **redacted** where the privacy interest outweighs the public interest in the information.

Additionally, please note that if you submit the authorization after the deadline without requesting an extension in advance of the deadline, additional processing fees may apply if we have to re-review the records to remove redactions on any information that is no longer exempt.

**Proper Authorization Required for Records Subject to WMATA's Privacy Policy – Parts 8 and 9**

WMATA is an interstate compact agency governed by a Board of Directors. D.C. Code § 9-1107.1. Section 12 of WMATA's Compact empowers the Board of Directors to enact rules respecting the exercise of Compact powers, which have the power of law. Among those rules is WMATA's Privacy Policy. Under the Privacy Policy, releasing individual information from WMATA's systems of records requires proper authorization. Privacy Policy § 6.1.

Accordingly, for records subject to WMATA's Privacy Policy, such as **Parts 8 and 9** of your request, WMATA cannot release employee records without proper authorization.

**In order for WMATA to release these records to you, you will need to provide: (i) a notarized release signed by the subject of the records; or (ii) a judge-signed subpoena or court order that complies with all applicable laws and rules, including the Uniform Interstate Depositions and Discovery Act, which is properly served on WMATA, and specifically directs WMATA to provide the requested documents to you.**[2] Privacy Policy § 6.0; 5 U.S.C. § 552a (b).

For the foregoing reasons, we cannot begin to process your request until you provide one of the following:

- **A notarized release signed by the subject of the records;**
- **A judge-signed subpoena properly served on WMATA; or**
- **A court order**.

-

**If we do not receive either of the requisite documentation within ten (10) business days – i.e., by close of business on Monday, January 6, 2025 – Part 8 of your request will be closed.**

However, please be advised that there may be additional considerations by WMATA, outside of PARP, that would lead WMATA to move to quash a judge-issued subpoena.

**Clarification Required – Part 4**

Please be advised that WMATA is unable to process **Part 4** your request because you have not provided sufficient detail. PARP § 7.5 requires requesters to "describe the records that are being requested in sufficient detail to enable WMATA to locate them with a reasonable amount of effort." Please provide a **timeframe and specific search terms -- by close of business Monday, January 6, 2025, or Part 4 of your request will be closed**

**Partial Decision – Part 10**

WMATA's MTPD Use of Force policy may be found online at https://www.wmata.com/about/transit-police/General-Orders.cfm

**GENERAL INFORMATION:**

Although we are not yet able to provide any responsive records, we can impart the following general information regarding your request:

**Time Period for Processing Requests**

WMATA generally aims to respond to a request for records within 20 business days following receipt of the request. WMATA processes requests in the order that requests are received. Furthermore, additional processing time is required for requests that prove to be complex.

**Exemptions**

The PARP provides exemptions for certain types of data, including: (1) information that could compromise WMATA infrastructure or security; (2) information that is solely related to the internal personnel rules and practices; (3) information that is exempt by statute; (4) proprietary commercial or financial information; (5) intra-agency and inter-agency memoranda information which would not be made available by law to a party in litigation with WMATA; (6) information that, if released, would cause a clearly unwarranted invasion of personal privacy; (7) certain information compiled for law enforcement purposes; (8) registered SmarTrip® information; and (9) customer financial information. Generally, WMATA's response will not include any exempt information.

**Processing Fees**

The PARP also provides for the assessment of fees associated with a request that requires more than two hours of staff time to process. These fees are calculated at the employees' basic rate of pay, plus an additional 50 percent to cover benefits. In general, a request is considered an agreement to pay all applicable fees. Advance payment is required where the fees are likely to exceed $250.

**Appeal Rights**

If you wish to appeal WMATA's decision, in accordance with PARP § 9.1, you may file a written appeal of the action with the Executive Vice President, External Relations (or designee) at PARP_Appeal@wmata.com, within 30 business days of the date of this decision letter. Further details about our appeals process can be found on our website.

Future correspondence should reference the request number noted in the subject line of this correspondence. If you have any questions, please contact me, if I am unavailable, you may contact Richard Noh at RDNoh@wmata.com or 202-962-2569.

Sincerely,

Brian Yanos

[1] The PARP can be found on WMATA's website at https://www.wmata.com/about/records/public-records.cfm, under the section marked "Legal Affairs."

[2] A **judge-signed** subpoena is one that a court of competent jurisdiction in the District of Columbia, Virginia, or Maryland has acted upon and executed. Administrative subpoenas and subpoenas pre-signed by court clerks or judges, for instance, are not judge-signed subpoenas. *See Doe v. Stephens*, 851 F.2d 1457 (D.C. Cir. 1988); *Doe v. DiGenova*, 779 F.2d 74 (D.C. Cir. 1985) (holding that subpoenas – grand jury or otherwise – do not qualify as orders of a court of competent jurisdiction unless specifically subjected to higher-level review and approved by the court).

**Brian J. Yanos**
PARP Attorney, Associate Counsel
Legal & Compliance
202-627-4542

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information or information prepared in anticipation of litigation. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

---

[1] The PARP can be found on WMATA's website at https://www.wmata.com/about/records/public-records.cfm, under the section marked "Legal Affairs."

[2] A **judge-signed** subpoena is one that a court of competent jurisdiction in the District of Columbia, Virginia, or Maryland has acted upon and executed. Administrative subpoenas and subpoenas pre-signed by court clerks or judges, for instance, are not judge-signed subpoenas. *See Doe v. Stephens*, 851 F.2d 1457 (D.C. Cir. 1988); *Doe v. DiGenova*, 779 F.2d 74 (D.C. Cir. 1985) (holding that subpoenas – grand jury or otherwise – do not qualify as orders of a court of competent jurisdiction unless specifically subjected to higher-level review and approved by the court).

Security Alert: This is an external email. Do not click links, open, or download attachments from unknown sources.

EXHIBIT C

Outlook

## RE: PARP Request 24-0262; Damon Black Wilson Incident Records

**From** Yanos, Brian J. <BJYanos@wmata.com>
**Date** Wed 4/23/2025 3:28 PM
**To** Kim Parker, Esquire <kp@kimparkerlaw.com>; bjames@jameslegalgroup.org <bjames@jameslegalgroup.org>; the-law-offices-of-kim-parker-pa-89scKAXrj5@mycasemail.com <the-law-offices-of-kim-parker-pa-89scKAXrj5@mycasemail.com>
**Cc** Rashbaum, Benjamin <BRashbaum@wmata.com>; Noh, Richard D. <RDNoh@wmata.com>

Dear Ms. Parker,

As this matter is currently in litigation, your PARP request has been closed. Please contact litigation counsel for any questions regarding this matter.

Sincerely,

Brian Yanos

---

**From:** Yanos, Brian J.
**Sent:** Thursday, December 19, 2024 4:36 PM
**To:** kp@kimparkerlaw.com; bjames@jameslegalgroup.org; the-law-offices-of-kim-parker-pa-89scKAXrj5@mycasemail.com
**Cc:** Rashbaum, Benjamin <BRashbaum@wmata.com>; Noh, Richard D. <RDNoh@wmata.com>
**Subject:** PARP Request 24-0262; Damon Black Wilson Incident Records

Dear Ms. Parker:

The Washington Metropolitan Area Transit Authority (WMATA) acknowledges receipt of your November 27, 2024, Public Access to Records Policy (PARP) request regarding "Police Interaction on December 11, 2023, on A-12 Bus Heading to Addison Road; Person Stopped/arrested: Damon Black Wilson, Tracking Number 222001482964, Case Number D-05-CR-24-060345." Specifically, you are seeking the following records:

1. "Copies of ANY AND all Body Camera footage from any and all officers present on 12-11-2023 1 hour before the stop/arrest of Mr. Wilson, and 2 hours after the arrest/detention of Mr. Wilson[;]
2. Copies all incident reports pertaining to the interaction with Mr. Wilson on 12-11-2023;
3. Copies of all statements in your possession by the police officers regarding the stop of Mr. Wilson on 12-11-2023;
4. Copies of ANY AND ALL emails regarding the stop of Mr. Wilson on 12-11-2023;
5. Copies of any internal video footage which reflects the stop and subsequent detention of Mr. Wilson;
6. Copies of all documents, correspondence, and other evidence submitted to a State's Attorney regarding the citation issued to Mr. Wilson on December 11, 2023;
7. A list of all Transit Police Officers involved in the stop and detention of Mr. Wilson on 12-11-2023, including but not limited to, complete name, title, badge number, and number of years with the Metro Transit Police Department;
8. Copies of all disciplinary records of all Officers involved in the stop of Mr. Wilson on 12-11-2023 […];
9. Copies of all civilian complaints against all Officers involved in anyway with the stop and subsequent citation of Mr. Wilson on 12-11-2023[;]
10. A full and complete copy of WMATA Police Use of Force policy in effect on 12-11-2023[.]"

Please be advised that WMATA is an interstate compact agency created by the Commonwealth of Virginia, State of Maryland, and the District of Columbia, and not a Maryland agency. *See* Pub. L. No. 89-774, 80 Stat. 1324 (1966); Va. Code Ann. § 33.2-3100; Md. Code Ann., Transp. § 10-204; D.C. Code Ann. § 9-1107.1. Accordingly, WMATA is not subject to the Maryland Public Information Act. *See* Md. Code Ann., Transp. § 10-204, § 77. Therefore, your request will be processed pursuant to WMATA's PARP.[1]

**Metro Transit Police Records**

To the extent that your request is seeking Metro Transit Police Department (MTPD) police reports, instructions for requesting police reports can be found at https://www.wmata.com/about/transit-police/how.cfm#obtain_report under the section titled "How do I obtain a copy of a police report?"

**Video Records**

Requests for video records should be sent to the Metro Integrated Command and Communications Center (MICC), for handling in accordance with its business practices. Please review the instructions at https://www.wmata.com/about/records/index.cfm#2 which include the form to complete to request a copy of video records, and submit your completed form(s) to VideoOperationsRequest@wmata.com.

Any questions regarding requested video records, as well as future requests for video records, should be sent directly to MICC via email: VideoOperationsRequest@wmata.com. In the future, if you are also requesting non-video records, please submit a separate request to PARP@wmata.com.

**Authorization to Release Records to a Third Party**

Please be advised that in order to release information pertaining to a private individual, you must submit a **notarized authorization** from the individual **(Mr. Wilson)** which specifically authorizes WMATA to release the requested records to you **by close of business Monday, January 6, 2025.** If we do not receive the notarized release(s) by such date, we will continue processing your request, but information regarding any party for whom we have not received a notarized release will be **redacted** where the privacy interest outweighs the public interest in the information.

Additionally, please note that if you submit the authorization after the deadline without requesting an extension in advance of the deadline, additional processing fees may apply if we have to re-review the records to remove redactions on any information that is no longer exempt.

**Proper Authorization Required for Records Subject to WMATA's Privacy Policy – Parts 8 and 9**

WMATA is an interstate compact agency governed by a Board of Directors. D.C. Code § 9-1107.1. Section 12 of WMATA's Compact empowers the Board of Directors to enact rules respecting the exercise of Compact powers, which have the power of law. Among those rules is WMATA's Privacy Policy. Under the Privacy Policy, releasing individual information from WMATA's systems of records requires proper authorization. Privacy Policy § 6.1.

Accordingly, for records subject to WMATA's Privacy Policy, such as **Parts 8 and 9** of your request, WMATA cannot release employee records without proper authorization.

**In order for WMATA to release these records to you, you will need to provide: (i) a notarized release signed by the subject of the records; or (ii) a judge-signed subpoena or court order that complies with all applicable laws and rules, including the Uniform Interstate Depositions and Discovery Act, which is properly served on WMATA, and specifically directs WMATA to provide the requested documents to you.**[2] Privacy Policy § 6.0; 5 U.S.C. § 552a (b).

For the foregoing reasons, we cannot begin to process your request until you provide one of the following:

- **A notarized release signed by the subject of the records;**
- **A judge-signed subpoena properly served on WMATA; or**
- **A court order**.

**If we do not receive either of the requisite documentation within ten (10) business days – i.e., by close of business on Monday, January 6, 2025 – Part 8 of your request will be closed.**

However, please be advised that there may be additional considerations by WMATA, outside of PARP, that would lead WMATA to move to quash a judge-issued subpoena.

**Clarification Required – Part 4**

Please be advised that WMATA is unable to process **Part 4** your request because you have not provided sufficient detail. PARP § 7.5 requires requesters to "describe the records that are being requested in sufficient detail to enable WMATA to locate them with a reasonable amount of effort." Please provide a **timeframe and specific search terms -- by close of business Monday, January 6, 2025, or Part 4 of your request will be closed**

**Partial Decision – Part 10**

WMATA's MTPD Use of Force policy may be found online at https://www.wmata.com/about/transit-police/General-Orders.cfm

**GENERAL INFORMATION:**

Although we are not yet able to provide any responsive records, we can impart the following general information regarding your request:

**Time Period for Processing Requests**

WMATA generally aims to respond to a request for records within 20 business days following receipt of the request. WMATA processes requests in the order that requests are received. Furthermore, additional processing time is required for requests that prove to be complex.

**Exemptions**

The PARP provides exemptions for certain types of data, including: (1) information that could compromise WMATA infrastructure or security; (2) information that is solely related to the internal personnel rules and practices; (3) information that is exempt by statute; (4) proprietary commercial or financial information; (5) intra-agency and inter-agency memoranda information which would not be made available by law to a party in litigation with WMATA; (6) information that, if released, would cause a clearly unwarranted invasion of personal privacy; (7) certain information compiled for law enforcement purposes; (8) registered SmarTrip® information; and (9) customer financial information. Generally, WMATA's response will not include any exempt information.

**Processing Fees**

The PARP also provides for the assessment of fees associated with a request that requires more than two hours of staff time to process. These fees are calculated at the employees' basic rate of pay, plus an additional 50 percent to cover benefits. In general, a request is considered an agreement to pay all applicable fees. Advance payment is required where the fees are likely to exceed $250.

**Appeal Rights**

If you wish to appeal WMATA's decision, in accordance with PARP § 9.1, you may file a written appeal of the action with the Executive Vice President, External Relations (or designee) at PARP_Appeal@wmata.com, within 30 business days of the date of this decision letter. Further details about our appeals process can be found on our website.

Future correspondence should reference the request number noted in the subject line of this correspondence. If you have any questions, please contact me, if I am unavailable, you may contact Richard Noh at RDNoh@wmata.com or 202-962-2569.

Sincerely,

Brian Yanos

[1] The PARP can be found on WMATA's website at https://www.wmata.com/about/records/public-records.cfm, under the section marked "Legal Affairs."

[2] A **judge-signed** subpoena is one that a court of competent jurisdiction in the District of Columbia, Virginia, or Maryland has acted upon and executed. Administrative subpoenas and subpoenas pre-signed by court clerks or judges, for instance, are not judge-signed subpoenas. *See Doe v. Stephens*, 851 F.2d 1457 (D.C. Cir. 1988); *Doe v. DiGenova*, 779 F.2d 74 (D.C. Cir. 1985) (holding that subpoenas – grand jury or otherwise – do not qualify as orders of a court of competent jurisdiction unless specifically subjected to higher-level review and approved by the court).

**Brian J. Yanos**
PARP Attorney, Associate Counsel
Legal & Compliance
202-627-4542

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information or information prepared in anticipation of litigation. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

---

---

[1] The PARP can be found on WMATA's website at https://www.wmata.com/about/records/public-records.cfm, under the section marked "Legal Affairs."

[2] A **judge-signed** subpoena is one that a court of competent jurisdiction in the District of Columbia, Virginia, or Maryland has acted upon and executed. Administrative subpoenas and subpoenas pre-signed by court clerks or judges, for instance, are not judge-signed subpoenas. *See Doe v. Stephens*, 851 F.2d 1457 (D.C. Cir. 1988); *Doe v. DiGenova*, 779 F.2d 74 (D.C. Cir. 1985) (holding that subpoenas – grand jury or otherwise – do not qualify as orders of a court of competent jurisdiction unless specifically subjected to higher-level review and approved by the court).

Security Alert: This is an external email. Do not click links, open, or download attachments from unknown sources.