**UNITED STATES DISTRICT COURT OF MARYLAND**
**GREENBELT DIVISION**

**DAMON B. WILSON**

Plaintiff,

vs.

CASE NO. **8:25-CV-01312-PX**

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA,** *et al*

Defendants,

**PLAINTIFF'S MOTION TO STRIKE MATERIALS EXTRINSIC TO THE COMPLAINT FILED WITH DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL**

Plaintiff Damon B. Wilson, by and through undersigned counsel, respectfully moves the Court for an Order ruling that the materials filed by the Defendant as exhibits to their Reply in Support of the Partial Motion to Dismiss will not to be considered in adjudicating the sufficiency of Plaintiff's Corrected Fourth Amended Complaint, Complaint, or in the alternative to strike same from the record, and for reasons state:

1.On June 18, 2026, Plaintiff filed his Corrected Fourth Amended Complaint ("FAC"), consistent with the Court's Order on Plaintiff's Motion for Leave to File Amended Complaint.

2.On July 22, 2026, the Defendant filed a Motion to Dismiss Count I of the FAC, alleging that the complaint was time barred.

3.On August 14, 2026, Plaintiff filed his response and opposition thereto.

4.On August 28, 2026, Defendant filed a reply in support of his motion, including, an Affidavit from M Alvarez. See record.

5. It is axiomatic that generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the "documents attached or incorporated into the complaint." See *Zak v. Chelsea Therapeutics*

*Intern., Ltd., 7*80 F.3d 597 (4th Cir. 2015)(Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment)(quoting E*.I. du Pont de Nemours & Co*., 637 F.3d at 448). This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery. Id.; see Fed.R.Civ.P. 12(b), 12(d), and 56.

6. Under narrow circumstances, a court may rely on extrinsic materials to determine a motion to dismiss without converting the proceeding into a motion for summary judgment. See Fed.R.Civ.P. 12(d). For example, a court may properly take judicial notice of "matters of public record" and other information that, under Federal Rule of Evidence 201, constitute "adjudicative facts." *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir.2009). See also *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013 ("[C]ourts may consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff along with the 509*509 well-pleaded allegations of the complaint." (internal quotation marks omitted)).

7. In the instant matter, Exhibit's presented in support of the Motion is evidence which can be disputed and is not a matter of public record. Moreover, Plaintiff FAC does not incorporate the exhibits attached in support of the Motion. Accordingly, this court cannot consider the materials extrinsic to the complaint, and therefore should either strike same, or articulate in any future decisions regarding the Defendant's motion that its has not relied on same.

WHEREFORE, Plaintiff respectfully request that this Court Strike Materials Extrinsic to the Corrected Fourth Amended Complaint Filed With Defendant's Reply in Support of his Motion to Dismiss, and for such other and further relief as may be deemed just and proper.

Respectfully submitted,

Kim Parker

_________________________________

**KIM PARKER, ESQUIRE**
**FED BAR NO.: 23894**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O:410-234-2621
F: 443-486-1691
E:kp@kimparkerlaw.com

**BRANDON JAMES, ESQUIRE**
**FED BAR NO.: 22125**
The James Legal Group, LLC
P.O. Box 66247
Baltimore, Maryland 21239
Office: 240-424-5783
Email: bjames@jameslegalgroup.org

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I CERTIFY on this 31st day of August 2026, a copy of the foregoing Motion was sent to all counsel of record via electronic filing.

___/s/___________________
Kim Parker, Esquire