**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| **DAMON B. WILSON**<br>**6904 Stirling Street**<br>**Fort Washington, MD 20744**<br><br>**Plaintiff,**<br>**vs.**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (WMATA)**<br>**300 7th Street SW**<br>**Washington, D.C. 20024**<br><br>**and**<br><br>**Lyndon Harris**<br>**300 7th Street SW**<br>**Washington, D.C. 20024**<br><br>**Defendants.** | **Case No.: 8:25-cv-1312** |

**HARRIS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant Harris, by and through counsel, hereby opposes Plaintiff's motion to strike the declaration of Marlon Alvarez attached as exhibit A to Harris' Reply (ECF # 52), where Plaintiff does not move to strike four exhibits attached to his Opposition. Alternatively, Harris would conditionally agree that *all* exhibits -- those attached to Plaintiff's Opposition, as well as the declaration Haris submitted with his Reply -- be stricken.

Harris filed a motion to dismiss the assault claim (Count One) of Plaintiff's Fourth Amended Complaint. (ECF # 41). Harris did not file any exhibits with his motion. Plaintiff, in filing his opposition, attached four exhibits. *See* ECF # 50-2 and ECF # 50-3.

Plaintiff attached: (1) an executed Declaration from Plaintiff's counsel, (2) an email thread between Plaintiff and Defendant's counsel; (3) a WMATA Metro Integrated Communication and Command Center ("MICC") form, purportedly submitted by Plaintiff request for video purported to have been sent by Plaintiff to the Metro; and (4) a police report *See* Exhibits ECF # 50-2 and # 50-3. In response to this multitude of exhibits submitted by Plaintiff, Harris filed a reply with a single Declaration that addressed the retention period for WMATA bus video -- approximately 30 days.

Extrinsic evidence is not considered by a court in a motion to dismiss, with certain exceptions. A court "may consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir., 2007)(internal citations omitted). Plaintiff's four exhibits do not meet this standard. They were not attached to his Fourth Amended Complaint; they are not integral to the complaint and Defendant does not recognize all of them as authentic.

Plaintiff's motion to strike seeks to impose a double standard: Plaintiff wants *his* extrinsic evidence (the four exhibits attached to his opposition) to be considered by the Court, but not the one Declaration attached to Harris' reply. If the Court wishes to convert the motion to dismiss to a motion for summary judgment and accept Plaintiff's three exhibits as well as the one exhibit for Harris, Defendant Harris would not object. If the Court wishes to proceed with Defendant's motion to dismiss Plaintiff's assault claim without considering any exhibit attached

to the Opposition or the Reply, Harris would not object to that, either. What Harris objects to is the double standard that Plaintiff seeks to impose.

Wherefore, for the reasons stated herein, and for good cause shown, Defendant Lyndon Harris respectfully requests that this motion be granted.

Respectfully Submitted,

/s/ *Janice L. Cole*
Janice L. Cole #09562
Senior Counsel II - WMATA
300 7th St., S.W.
Washington, D.C. 20024
(202) 962-2543
(202) 962-2550
Email: jlcole@wmata.com
Counsel for Harris and WMATA

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing consent motion and a proposed Order was sent via this Court's ECF filing system, on the 1st day of September 2026 to:

Kim Parker, Esq.
AIS NO.: 9312160035
Law Offices of Kim Parker
2123 Maryland Avenue
Baltimore, MD 21218
Telephone: 410-234-2621
Email: kp@kimparkerlaw.com
Counsel for the Plaintiff

And Brandon James, Esq.

Janice L. Cole
/s/ Janice L. Cole