**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| DAMON B. WILSON, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:25-cv-1312-PX |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY *et al.*, | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Pending in this civil rights action are several motions filed by Plaintiff Damon B. Wilson ("Wilson") and Defendant Metro Officer Lyndon Harris ("Harris"). ECF Nos. 46, 48, 49, & 53. Harris moves for dismissal from this action, ECF No. 48, and Wilson moves for the issuance of a scheduling order, ECF No. 46;[1] for an extension of time, ECF No. 49;[2] and to strike attachments to Harris's reply in support of his dismissal motion, ECF No. 53. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion to dismiss is denied, ECF No. 48; the motion for a scheduling order is denied as moot, ECF No. 46; the motion for extension of time is granted, ECF No. 49; and the motion to strike is denied as moot, ECF No. 53.

## I. Background

This Opinion incorporates the facts and procedural history as described in the Court's previous Memorandum Opinion at ECF No. 39. Since then, Wilson has filed his Fourth Amended

---

[1] A scheduling order will follow this opinion and the accompanying order resolving the motion to dismiss. Because the proposed scheduling order is now outdated, the motion is denied as moot. ECF No. 46.
[2] Defendants do not oppose Wilson's motion for extension of time, and they will not be prejudiced by the requested extension. ECF No. 29.

Complaint, adding Harris as a Defendant. ECF No. 41. Defendant Washington Metropolitan Area Transit Authority ("WMATA") answered, ECF No. 43, and Harris now moves to dismiss the assault claim against him, ECF No. 48. For the following reasons, his motion is denied.

## II. Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court must accept "the well-pled allegations of the complaint as true" and most favorably to the nonmovant. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court, however, need not credit naked legal conclusions devoid of factual support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Rather, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Analysis

Harris singularly argues that the assault claim is barred by limitations. ECF No. 48-1 at 2. Maryland law provides that "[a]n action for assault . . . shall be filed within one year from the date it accrues." Md. Cts. & Jud. Proc. § 5-105. Wilson, as Harris correctly points out, amended his complaint to add Harris as a defendant more than two and a half years after the underlying incident occurred. ECF No. 48-1 at 2. Wilson responds that amendment is timely pursuant to Federal Rule of Civil Procedure 15(c) because it relates back to the original, timely filed, complaint. ECF No. 50 at 7.

Rule 15(c) provides that an amended pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). New parties may be added under Rule 15(c) where "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* 15(c)(1)(C).

That is this. The matter concerns a single incident where officers, including Harris, demanded that Wilson leave the WMATA bus for failing to pay the fare, and Harris shoved Wilson from behind, causing physical injury. ECF No. 50 at 1. The parties also do not dispute that Harris had notice of the suit. Instead, Harris mistakenly argues that limitations are keyed to service of the complaint, and from there, argues that late service as to him renders the claim time barred. ECF No. 52 at 3. Not so. If a claim is filed within one year of the incident, it is timely. Md. Cts. & Jud. Proc. § 5-105 (emphasis added); *see* ECF No. 52 at 3.

Harris next argues that under Rule 15(c), Wilson cannot add him because Wilson's attempts to learn Harris's identity were too little too late. No. 52 at 4. The Court disagrees. Wilson tried to ascertain Harris's identity despite WMATA's refusal—absent court order—to assist in that regard. *See* ECF No. 18 (ordering WMATA to produce relevant incident reports and identities of all involved officers). In any event, the timeliness of an action remains an affirmative defense not generally amenable to resolution at the dismissal stage. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). And limitations will not doom a claim unless "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (emphasis omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

But here, when viewing the amended pleading most favorably to Wilson, the claim plausibly relates back to the original complaint, and so will not be dismissed on limitations grounds.

In so deciding, the Court need not consider any exhibits attached to either party's briefing on the motion to dismiss. *See* ECF Nos. 53 & 54. With or without these submissions, Wilson has the better of the argument. Therefore, the motion to strike at ECF No. 53 is denied as moot.

**IV. Conclusion**

For the reasons discussed, the motion to dismiss is denied (ECF No. 48), the motion for a scheduling order is denied as moot (ECF No. 46), the motion for extension of time is granted (ECF No. 49), and the motion to strike is denied as moot (ECF No. 53).

A separate order follows.

10/13/2026
Date

/s/
Paula Xinis
United States District Judge